

FILED ___ LODGED
RECEIVED ___ COPY

MAY 11 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona
DAVID P. FLANNIGAN
State Bar No. 07162
ROBERT A. FELLRATH
Assistant United States Attorneys
Evo A. Deconcini U.S. Courthouse
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: 520-620-7300
david.flannigan@usdoj.gov
robert.fellrath@usdoj.gov
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,**<br>Plaintiff,<br>v.<br>**Marcos Antonio Cruz,**<br>Defendant. | CR 11-02729-01-TUC-DCB (JM)<br><br>**PLEA AGREEMENT** |

The United States of America and the defendant, agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to Count Two of the Superseding Indictment charging the defendant with a violation of Title 21, United States Code, Section 846, Conspiracy to Possess with Intent to Distribute Marijuana, a felony.

## ELEMENTS OF THE CRIME

The essential elements of Conspiracy to Possess with Intent to Distribute Marijuana are that:

(a) the defendant agreed with at least one other person to commit the crime of Possession with Intent to Distribute Marijuana as charged in the Indictment;

(b) the defendant became a member of the conspiracy knowing that its object was the Possession of Marijuana with Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1), and intending to accomplish said object.

As a sentencing factor, the government would be required to prove that the amount of marijuana involved exceeded 1,000 kilograms.

## **TERMS**

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

**1. Maximum Penalties:**

a. The defendant understands and agrees that the maximum penalty for the offense being pled to is a fine of $10 million, a term of life imprisonment with a mandatory minimum term of ten (10) years, or both, and a term of between five (5) years and lifetime supervised release.

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

(1) Order defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case;

(2) Order defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611 and Section 5E1.2(f) of the Guidelines, defendant establishes the applicability of the exceptions found therein;

c. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00 per felony count. The special assessment is due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

d. Pursuant to Title 21, United States Code, Section 862a, defendant will not be eligible for either assistance under programs funded under Part A of Title IV of the Social Security Act (Temporary Assistance for Needy Families) or benefits under the Food Stamp program. In addition, any benefits to defendant's family under these programs will be reduced.

e. Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

2. **Agreement Regarding Sentencing:**

a. Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., and U.S.S.G. §§ 5K3.1 and 5H1.4, the government and the defendant stipulate and agree to a stipulated sentence of 180 months imprisonment. Either party may withdraw from the plea agreement if the defendant is not sentenced in accordance with this provision.

b. In exchange for the government agreeing to allowing the defendant to receive three points for acceptance of responsibility and the sentencing adjustments above, the defendant agrees to waive any appeal from the District Court's determination of the appropriate sentencing range and sentence imposed or habeas challenge to the sentence, as detailed in paragraph 6 below.

c. All remaining counts of the indictment and the superseding indictment will be dismissed at the time of sentencing, and the government agrees not allege the defendant's prior drug conviction, pursuant to 21 U.S.C. §851.

d. Defendant understands that the court is neither a party to nor bound by this agreement and specifically the court has complete discretion to impose the maximum sentence possible for the crime to which defendant has pled. Defendant further understands that if the court imposes a sentence greater than the maximum term agreed upon by the parties, defendant will be permitted to withdraw the guilty plea.

e. If the court, after reviewing the plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement giving defendant, in accordance with Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

f. This plea agreement is expressly conditioned upon the accuracy of defendant's criminal history as known by the government at the time of the plea. The discovery of any criminal history in addition to that known shall entitle the government to withdraw from this agreement.

g. This plea agreement is contingent upon the successful guilty pleas of all co-defendants in case # CR 11-02729-TUC-DCB (JM). If any of the co-defendants do not plead guilty in this case, the government reserves the right to withdraw from the plea agreement.

**3. Breach of the Agreement.**

If the defendant fails to comply with any obligation or promise pursuant to this agreement, the United States:

a. May, in its sole discretion, declare any provision of this agreement null and void in accordance with paragraph (6) below and the defendant understands that the defendant shall not be permitted to withdraw the plea of guilty made in connection with this agreement;

b. May prosecute the defendant for any offense known to the United States for which the defendant is responsible, and defendant waives any statute of limitations, Speedy Trial Act, and constitutional restrictions for bringing charges after the execution of this agreement;

c. May file an information alleging the defendant's prior drug conviction, pursuant to 21 U.S.C. §851; and

   d. May argue for a maximum statutory sentence for the offenses to which defendant has pled guilty.

**4. Forfeiture, Civil and Administrative Proceedings**

   a. Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

   b. Defendant will identify all assets and identify the source of income used to obtain the assets. Defendant will identify all assets used to facilitate the commission of any crime charged in this indictment. Defendant will testify truthfully in any civil forfeiture proceeding.

   c. Further, this agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

**5. Plea Addendum.**

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

**6. Waiver of Defenses and Appeal Rights:**

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any

other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

**7. Perjury and Other False Statement Offenses and Other Offenses.**

Nothing in this agreement shall be construed to protect defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement.

**8. Reinstitution of Prosecution:**

If defendant's guilty plea is rejected, withdrawn, vacated or reversed at any time, the United States will be free to prosecute defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. Defendant understands that any statements made at the time of defendant's change of plea or sentencing may be used against defendant in any subsequent hearing, trial or proceeding as permitted by Fed R. Crim. P. 11(f).

**9. Disclosure of Information to U.S. Probation Office.**

a. Defendant understands the United States' obligation to provide all information in its file regarding defendant to the United States Probation Office.

b. The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Department, including, but not limited to:

(1) All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

(2) All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

(3) All history of drug abuse which would warrant a treatment condition as part of sentencing.

(4) All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

## FACTUAL BASIS

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

> During the time period of December 1, 2010 through July 31, 2011, **Marcos Antonio Cruz** agreed with and assisted co-defendants Martin Servando Cruz a/k/a Primo, Angel Alberto Rodriguez, a/k/a Coki, Aaron Vidrio Martinez, a/k/a Tartamudo and other persons, named and unnamed in the Indictment, to commit the offense of possession with the intent to distribute more than 1000 kilograms of marijuana. Specifically, the group agreed to purchase and serve as the sources of supply, in the distribution of more than 1000 kilograms of marijuana to various buyers.
>
> In furtherance of this conspiracy, Martin Servando Cruz a/k/a Primo attempted to purchase approximately 1000 pounds of marijuana from a supplier in a deal brokered by **Marcos Antonio Cruz** in February 2011. Martin Servando Cruz a/k/a Primo received and inspected a sample bale of marijuana as part of that purchase. The purchase failed to finalize when a disagreement arose over whether the supplier would allow on of Martin Cruz's associates to take possession of the load vehicle before the transaction was complete.
>
> In furtherance of this conspiracy, **Marcos Antonio Cruz** met with the co-conspirators at his hospital room in Tucson in March, 2011, and brokered a deal where the co-conspirators agreed to purchase approximately 1500 pounds of marijuana from a supplier in the Tucson area. The marijuana involved was then to be delivered by Julio Chiquete. Before the transaction could be finalized, the load vehicle, containing approximately one-half of the proposed 1500-pounds transaction, was stopped by law enforcement.

Over the course of the conspiracy, the co-conspirators had agreed to purchase more than 1000 kilograms of marijuana to be sold to others buyers from Tucson and elsewhere.

### **DEFENDANT'S APPROVAL AND ACCEPTANCE**

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined according to the guidelines promulgated pursuant to the Sentencing Reform Act of 1984. I understand that the Guideline Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate. I further understand that under certain limited circumstances the court may depart upward or downward from the calculated guideline range.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to

modification at any time.

I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

5/11/12
Date

_Marcos Antonio Cruz_
MARCOS ANTONIO CRUZ
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

5/11/12
Date

RICHARD B. JONES, ESQ.
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

5/11/12
Date

for DAVID P. FLANNIGAN
Assistant U.S. Attorney